# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS DOMINGUEZ,<br>    Plaintiff,<br><br>           v.<br><br>UNITED PARCEL SERVICE, INC.,<br>    Defendant. | 2:24-cv-6549-DSF-ASx<br><br>Order DENYING Motion to Remand (Dkt. 12) |

      Plaintiff moves to remand this case, arguing that Defendant has not established that the amount in controversy requirement is met for diversity jurisdiction. The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. The hearing set for September 30, 2024, is removed from the Court's calendar.

      Plaintiff admits that, as of the time of removal, his past lost wages were at least $62,557.00. Mot. at 4. In addition to lost wages, Plaintiff demands attorney's fees and costs under the California Labor Code. See, e.g., Compl. ¶ 56. When a statute provides for fee shifting, attorney's fees are properly considered as part of the amount in controversy. Galt G/S v. JSS Scandinavia, 142 F.3d 1150, 1156 (9th Cir. 1998). Given Plaintiff's past lost wages, a fee award of only $12,444.00 would be required to reach a $75,001.00 judgment. This fee amount would be met with only 50 hours billed at a modest $250 per

hour blended rate.[1]  Any case taken through trial will almost certainly require more than 50 hours of attorney work.  Therefore, even putting aside any award for lost wages between removal and trial or any other possible damages, the amount in controversy exceeds $75,000.00.

    The motion to remand is DENIED.

    IT IS SO ORDERED.

Date: September 24, 2024

Dale S. Fischer
United States District Judge

---

[1] This rate has been regularly requested for paralegals in recent fee applications reviewed by the Court.

2